[Civ. No. 10146. First Appellate District, Division Two.—September 18, 1936.]

L. NELSON HAYHURST, as Trustee in Bankruptcy, etc., Respondent, v. G. MOORVARTIAN et al., Defendants; PAHAL R. MOORVARTIAN, Appellant.

N. Lindsay South for Appellant.

C. H. White, D. Bianco, Henry E. Barbour and William B. Blacklund for Respondent.

STURTEVANT, J.—The plaintiff commenced an action on a judgment against the defendants. The defendants did not answer and judgment by default was taken. Later the plaintiff took out a writ of execution and levied it on $718.57 in the hands of Rosenberg Bros. of Fresno. Thereafter Pahal R. Moorvartian, a son of one of the defendants, delivered to the sheriff a third party claim to the moneys levied upon by the sheriff. (Code Civ. Proc., sec. 689.) Later the hearing was had before the trial court on the validity of said claim. After said hearing was had the trial court rendered its judgment in favor of the plaintiff and against the third party claimant. From that judgment

the said claimant has appealed and has brought up typewritten transcripts.

While in no place does the claimant state any formal point, the burden of his brief is to the effect that the judgment of the trial court is not sustained by the evidence. ■ It was the contention of the claimant in the trial court, and it is his contention in this court, that the moneys levied upon were the proceeds of a crop of raisins grown on a certain ranch in Fresno County; that he bought the ranch in January, 1935, with his own moneys; that thereafter he raised the crop of raisins, sold it to Rosenberg Bros., and that the proceeds, $718.57, belong to him. On the other hand, it was the theory of the plaintiff that the claimant bought the ranch for his father, one of the defendants, and in all of the business transactions was acting for his father. The evidence is conflicting, but the weight of nearly all of the conflicts is against the claimant. The evidence is very indefinite, and uncertain regarding the claim as made by the claimant. He stated that he came to California in June, 1928, and at once entered the public schools; that he graduated from the high school in June, 1932, and then attended Moler Barber College for six months. Continuing he claimed he brought from Mexico $1,050—'' . . . something like that . . . '' and thereafter from those moneys and his earnings as a laborer he was able to pay and did pay his personal expenses and $125 tuition fee to the barber college, $375 for an automobile, $2,000 in part payment for the ranch, and $900 for lumber and labor to erect a house. It was an admitted fact that his father earned $900 a year and sometimes more; that the claimant resided with his parents; and there were some direct admissions by the claimant that in at least some business transactions he acted for his father. The documents and book accounts introduced in evidence were of slight corroboration, if any, of the story told by the claimant. In support of the judgment we must assume that the trial court did not believe the story told by the claimant. There is nothing in the record showing that the trial court in any way abused its discretion in forming that belief.

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.